UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>  Plaintiff,  )<br>v.  )<br>  )<br>GERARDO CORREA,  )<br>  )<br>  Defendant.  ) | Case No. 12-CR-20075 |

## OPINION

This case is before the court for ruling on the Motion for Review of Detention Order and for Release of Defendant on Conditions of Bond (#21) filed by Defendant, Gerardo Correa. Following this court's careful and de novo review, Defendant's Motion (#21) is DENIED.

BACKGROUND

On September 20, 2012, a Complaint (#1) was filed which charged Defendant, and his co-defendant Jose Haro-Gutierrez, with the offense of possession with the intent to manufacture 1000 or more marijuana plants, in violation of 21 U.S.C. § 841(b)(1)(A). Defendant appeared before Magistrate Judge David G. Bernthal the same day and Attorney Elisabeth Pollack was appointed to represent him. Defendant waived a preliminary hearing, and Judge Bernthal found that probable cause existed and bound the case over to the grand jury. The Government made an oral motion for detention. A detention hearing was held. Defendant's counsel, by way of a proffer, offered the following information: Defendant is steadily employed, has family in Chicago, has no criminal history, is a naturalized United

States citizen and has paid income taxes for the period 2004 to 2011. Defendant's counsel also pointed out that no weapons were discovered. She further stated that Defendant was charged with a non-violent offense and was not a flight risk. The prosecutor argued that the rebuttable presumption applies in this case, that Defendant has ties to Mexico and that Defendant was asking to return to his residence where drugs and a large amount of cash were found. Judge Bernthal ordered Defendant to be detained pending trial. Judge Bernthal found that the evidence was substantial and specifically noted that he had concerns about releasing Defendant to the home where marijuana plants, processed cannabis and ammunition were found.

Judge Bernthal entered a Detention Order Pending Trial (#14) on October 2, 2012. Judge Bernthal stated that there was probable cause to believe that Defendant has committed an offense for which a maximum prison term of ten years or more is prescribed in 21 U.S.C. § 841(b)(1)(A). Judge Bernthal also stated that Defendant had not rebutted the presumption established by this finding that no condition of bond will reasonably assure Defendant's appearance and the safety of the community. Judge Bernthal stated:

> The Defendant does not have a documented record of criminal convictions. That fact alone does not rebut the statutory presumption. There is substantial evidence supporting the charge. The evidence includes admissions by the Defendant. In addition to the primary growth site described in the affidavit

attached to the criminal complaint, the authorities discovered additional marijuana plants in the backyard of Defendant's residence. They also discovered electronic scales, packaging material, and more than 20 pounds of processed cannabis. The information available to the Court reinforces rather than rebuts the statutory presumption.

On September 24, 2012, Attorney Robert Rascia entered his appearance on Defendant's behalf and Attorney Pollack was allowed to withdraw as counsel. On October 17, 2012, Defendant was charged by indictment with the offense of knowingly and intentionally possessing 1,000 or more marijuana plants, with the intent to manufacture and distribute it, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A). An arraignment was held on October 29, 2012, and Defendant plead not guilty.

## MOTION FOR REVIEW

On February 6, 2013, Defendant filed his Motion (#21) seeking review of the detention order pursuant to 18 U.S.C. § 3145(b) and release on bond. In his Motion, Defendant stated that he was offering as security for his release the equity in the single family residence located at 2941 E. 96th Street, Chicago, Illinois, owned by Daniel J. Campos. Defendant also stated that he proposed the following conditions on his pretrial release:

    a.    surrender his passport;

    b.    reside at his parents['] residence, located at 9617 S.

        Muskegan, Chicago, Illinois;

c.     be placed on home confinement with the use of an electronic monitoring device;

d.     report weekly to pretrial services;

e.     refrain from the use of alcohol;

f.     not possess a firearm or dangerous weapon;

g.     Daniel Campos will execute a forfeiture agreement and quitclaim deed for the property located at 2941 E. 96th Street, Chicago, Illinois;

h.     be placed in the custody of his sister, Elida Correa;

i.     refrain from the use or unlawful possession of a narcotic drug or other controlled substance defined in Title 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner;

j.     any other conditions the court deems appropriate.

On March 4, 2013, the Government filed its Response to Defendant's Motion for Review of Detention Order (#22). The Government noted that it was unclear whether Defendant was actually requesting to reopen the detention hearing pursuant to 18 U.S.C. § 3142(f), since he appeared to want to present additional evidence to the court regarding security for his bond. The Government noted that, under § 3142(f), the threshold issue for

the court to decide is whether the defendant has offered new information not known to him at the time of the detention hearing which would have materially changed the outcome of the detention hearing. The Government argued that Defendant has not met this threshold requirement. The Government argued that the new evidence regarding equity in a single family home has no material bearing on the issue whether there are conditions of release that will reasonably assure the safety of the community. The Government stated that the additional condition of release suggested by Defendant did not address the concerns of Judge Bernthal, that being returning Defendant to his parents' home that contained drugs and ammunition. The Government pointed out that Defendant was still asking to be released to his parents' home, a home that contained further evidence of the crime for which he is charged.

The Government also argued that, to the extent that Defendant is actually seeking review of the detention order under § 3145(b), the record supports Judge Bernthal's order by clear and convincing evidence that no condition or combination of conditions will reasonably assure Defendant's appearance and the safety of the community.

ANALYSIS

This court has carefully reviewed the audiotape of the detention hearing before Judge Bernthal, the arguments of counsel and the documents filed. Following this careful review, this court agrees with the Government that there is no basis for reopening this case under 18 U.S.C. § 3142(f). The evidence Defendant proposes to present is evidence which would not

have materially changed the outcome of the detention hearing.

This court must then review Judge Bernthal's detention order under 18 U.S.C. § 3145(b). This statute states that a person detained by a magistrate judge may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the detention order. The statute further states that the "motion shall be determined promptly." 18 U.S.C. § 3145(b). This review may be conducted by reviewing the prior record already considered by the magistrate judge and making a fresh finding on a complete record. See United States v. Torres, 929 F.2d 291, 292 (7th Cir. 1991).

Pursuant to § 3145(b), this court has conducted a de novo review of the detention hearing and the detention order. This court agrees with Judge Bernthal that Defendant has not rebutted the presumption applicable to this case. Section 3142(e) provides that, if there is probable cause to believe that a person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, which is the case here, "it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3). This court concludes that the combination of conditions suggested by Defendant does not rebut this presumption. Defendant is requesting to return to his parents' home which, as Judge Bernthal noted, is where processed cannabis, electronic scales, packaging materials and ammunition were found. This court concludes, following careful review, that detention is necessary.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion for Review of Detention Order and for Release of Defendant on Conditions Pending Trial (#21) is DENIED.

(2) This case remains scheduled for a status conference on March 11, 2013, at 9:00 a.m.

ENTERED this 7th day of March, 2013

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE